**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ROBERT A. OPALACH, ) | CASE NO. 1:07-CV-01893 |
| ) | |
| Petitioner, ) | |
| ) | JUDGE PETER C. ECONOMUS |
| v. ) | |
| ) | MAGISTRATE JUDGE GREG WHITE |
| STUART HUDSON, Warden, ) | |
| ) | |
| Respondent. ) | **REPORT & RECOMMENDATION** |

Petitioner Robert A. Opalach (hereinafter "Opalach") challenges the constitutionality of his conviction in the case of *State v. Opalach*, Cuyahoga County Common Pleas Case No. 444151. Opalach, represented by counsel, filed a Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on June 25, 2007 with the United States District Court for the Northern District of Ohio. On October 9, 2007, Respondent Stuart Hudson (hereinafter "Respondent") filed his Answer/Return of Writ. (Doc. No. 8.) Opalach then filed his Traverse on December 31, 2007. (Doc. No. 11.) On June 17, 2008, both Opalach and Respondent were ordered to brief the issue of whether Opalach's state "appeals" constituted direct review or post-conviction/collateral review. (Doc. No. 12.) The parties submitted their supplemental briefs on June 30, 2008. (Doc. Nos. 13 & 14.) This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2. For reasons set forth in detail below, it is recommended that the instant petition for a writ of habeas corpus be DISMISSED as time-barred.

## I. Procedural History

**A.  Initial Conviction**

On October 23, 2003, the Cuyahoga County Grand Jury returned an indictment charging Opalach with the following: one count of aggravated murder in violation of Ohio Revised Code ("O.R.C.") § 2903.01; one count of murder in violation of O.R.C. § 2903.02; and two counts of felonious assault in violation of O.R.C. § 2903.11.  (Doc. No. 8, Exh. 3.)

Opalach entered a plea of "not guilty" to the indictment.  The matter proceeded to jury trial on September 15, 2004.  At the close of the state's case, the aggravated murder charge was dismissed pursuant to Ohio Criminal Rule 29.  (Tr. 1311.)  The jury found Opalach guilty of murder and the felonious assault charge set out in count three of the indictment, but not guilty of the felonious assault charge set out in count four.  (Doc. No. 8, Exh. 5.)  By journal entry dated September 30, 2004, Opalach's two convictions were merged and he was sentenced to a term of fifteen years to life imprisonment.  *Id*.

**B.  Delayed Appeal**

According to Respondent, Opalach had until November 1, 2004 to file a timely direct appeal of his conviction pursuant to Ohio App. R. 3, but he failed to do so.[1]  Instead, on November 16, 2004, Opalach filed a notice of appeal together with a motion for a delayed appeal with the Eighth District Court of Appeals ("state appellate court").  (Doc. No. 8, Exh. 6.)  That court agreed to hear a delayed appeal on December 21, 2004.  *Id*.

The state appellate court affirmed the judgment of the trial court on October 31, 2005.

---

[1] Opalach does not dispute the procedural history proffered by Respondent, but disagrees as to the effect such history had on the statute of limitations.  (Doc. No. 11 at 1-2.)

2

(Doc. No. 8, Exhs. 1 & 2.)

Opalach filed a timely appeal with the Ohio Supreme Court on December 15, 2005. (Doc. No. 8, Exhs. 9-11.) On March 29, 2006, the Ohio Supreme Court dismissed Opalach's appeal as not involving any substantial constitutional question. (Doc. No. 8, Exh. 12.)

## II. Statute of Limitations

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). In the AEDPA, Congress enacted a period of limitations for the filing of habeas petitions. The statute provides, in relevant part:

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

3

28 U.S.C. § 2244(d)(1) & (2).

**A.    One-Year Limitation**

In the instant action, Respondent asserts that Opalach's petition is time-barred because he did not file within the one-year limitations period. Respondent contends that Opalach's conviction became final on November 1, 2004, thirty (30) days after the judgment and sentence was entered. (Doc. No. 8 at 7-8.)

Opalach and Respondent disagree whether the statute of limitations ran for the fourteen (14) days from November 2, 2004 until he filed his motion for a delayed appeal on November 16, 2004.[2] Under the AEDPA, the statute of limitations begins to run from the date the time for seeking direct review expires. 28 U.S.C. § 2244(d)(1). Ohio App. R. 4(A) expressly states that a party must perfect an appeal as of right within thirty (30) days of the of the date judgment was entered against the appellant. Thus, the statute of limitations began to run on November 2, 2004. Opalach argues that the fourteen days should not be counted against him because he relied upon state appointed counsel to file a timely appeal. (Doc. No. 11 at 4.) Although Opalach's argument will be considered for equitable tolling purposes in section B *infra*, it is of no consequence when calculating the date on which the statute of limitations began to run. Furthermore, even if the fourteen days between the last day to file a timely direct appeal and Opalach's filing of his motion for delayed appeal were not counted against him, his habeas petition would still be untimely.

---

[2] Although Respondent states that the statute of limitations began running on November 1, 2004, Respondent had earlier conceded that Opalach's appeal would have been timely had it been filed on November 1, 2004 because October 31, 2004 fell on a Sunday. (Doc. No. 8 at Note 3.) Thus, if Respondent's position is correct, the statute of limitations began to run on November 2, 2004 and only fourteen (14) days expired before Opalach's motion for a delayed appeal tolled the statute of limitations.

In his Traverse, Opalach contends that his state appeals were part of the direct review of his conviction rather than post-conviction or collateral review. (Doc. No. 11 at 9.) By virtue of this Court's order of June 17, 2008, both parties were given an opportunity to re-argue this issue as it was inadequately briefed. Opalach's brief was largely unresponsive and failed to discuss any of the applicable case law that was cited directly in that order.

Although Opalach assumes that his delayed appeal before the state appellate court was part of the direct review process, existing case law supports the opposite conclusion. "[Ohio Appellate] Rule 5(A) motions [for delayed appeal] are treated as part of collateral review." *Granger v. Hurt*, 90 Fed. Appx. 97, 100 (6th Cir. 2004); *see also Peals v. Dann*, Case No. 3:07-cv-2342 (N.D. Ohio Apr. 11, 2008) (J. Oliver) ("The Sixth Circuit and courts within its jurisdiction have explicitly held that a motion for delayed appeal is collateral review."), *citing DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006) ("[A] motion for delayed appeal [before the Ohio Supreme Court], even if granted, does not restart the statute of limitations, but if properly filed, it does toll the statute during the time the motion was pending."); *Searcy v. Carter*, 246 F.3d 515, 519. This Court recently observed that "a motion to file a delayed appeal in a state appellate court is not part of direct review and cannot, therefore, restart the running of the statute of limitations for purposes of federal habeas review." *Porter v. Hudson*, 2007 U.S. Dist. LEXIS 51281, at *18 (N.D. Ohio July 16, 2007) (J. O'Malley); *see also Sanders v. Bobby*, 2008 U.S. Dist. LEXIS 7248 (N.D. Ohio Jan. 31, 2008).[3] Therefore, because Opalach's appeal was not part of direct review pursuant to

---

[3] Ohio state courts do not consider delayed appeals part of direct review. *See, e.g., State v. Bird*, 741 N.E.2d 560,138 Ohio App. 3d 400, 405 (Ohio Ct. App. 2000) ("The term 'direct appeal,' ... does not universally include delayed appeals [and] ... language in some cases specifically limits the term to include only those appeals taken as of right and/or otherwise distinguishes between direct appeals and delayed appeals."), *citing State v.*

*Lawrence v. Florida*, 127 S.Ct. 1079, 1080 (2007), he is not entitled to an additional ninety (90) days of tolling for seeking review by the United States Supreme Court.

On March 29, 2006, the Ohio Supreme Court dismissed Opalach's discretionary appeal as not involving any substantial constitutional question. (Doc. No. 8, Exh. 12.) As such, the statute of limitations resumed the following day and Opalach had until March 15, 2007 to file his habeas petition. Even if Opalach was given the benefit of fourteen days of tolling for the two weeks between the expiration of his time for direct review and his motion for a delayed appeal, his habeas petition would have been due no later than March 29, 2007. Opalach did not file his petition until June 25, 2007 – almost three months later.

Therefore, unless Opalach is entitled to equitable tolling, his petition should be dismissed as time-barred.

**B.  Equitable Tolling and Actual Innocence**

A party seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418; *see also Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The United States Supreme Court has "allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). However, the Supreme Court is "much less forgiving ... where the claimant failed to exercise due

---

*Gillard*, 85 Ohio St. 3d 363, 365, 708 N.E.2d 708 (Ohio 1999); *accord State v. Lewis*, 2006 Ohio App. LEXIS 2563, 2006-Ohio-2752 at ¶10 (Ohio Ct. App. Jun. 1, 2006).

diligence in preserving his legal rights." *Id*. Furthermore, equitable tolling should be used sparingly. *See, e.g., Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560-561.

Opalach has not made any argument suggesting that his untimely filing should be excused through the application of equitable tolling. (Doc. No. 11.) Opalach has argued only that he was not at fault for the failure to file a timely notice of appeal with the state appellate court. *Id*. Opalach has failed to present this Court with any argument that would excuse a three month delay in the filing of his habeas petition. Certainly, Opalach has not identified extraordinary circumstances beyond his control that prevented him from filing in a timely manner. Furthermore, there is no evidence that Opalach was diligently pursuing his rights. Under the AEDPA, he had nearly a year remaining to file his habeas petition after the Ohio Supreme Court's dismissal of his appeal. Nevertheless, he pursued no legal action for approximately fifteen months. Therefore, Opalach is not entitled to conventional equitable tolling.

Opalach argues in his petition that he is actually innocent of the offenses he was found to have committed. While Opalach does not expressly argue that he is entitled to equitable tolling due to his alleged actual innocence, "equitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate." *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005) (finding that, absent evidence of Congress's contrary intent, there is no reason for treating habeas claims barred by the federal statute of limitations differently than procedurally defaulted claims when a credible actual innocence claim is asserted); *see also McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007).

The Sixth Circuit has stated that a habeas court should "apply the same actual-innocence standard developed in *Schlup v. Delo*, 513 U.S. 298 (1995), for reviewing a federal habeas applicant's procedurally defaulted claim." *McCray*, 499 F.3d at 571.  This Court must consider "whether there are *new* facts that create sufficient doubt about the petitioner's guilt 'to undermine confidence in the result of the trial.'" *Rickard v. Wolfe*, 2007 U.S. Dist. LEXIS 92447 (N.D. Ohio Dec. 17, 2007) (emphasis in original), *citing Schlup*, 513 U.S. at 317.  "Prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518. 537 (2006) (citations omitted).

Since Opalach has simply rehashed the evidence presented at trial rather producing new and reliable evidence supporting his actual innocence claim, this is not that extremely rare case where an actual innocence exception to AEDPA's one year limitation period has been established.

### III.  Conclusion

For the foregoing reasons, it is recommended that this matter be DISMISSED as time barred.

                                                  s/ *Greg White*
                                                  U.S. Magistrate Judge

Date: July 1, 2008

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981)**. *See also Thomas v. Arn*, **474 U.S. 140 (1985)**, *reh'g denied*, **474 U.S. 1111 (1986)**.