**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT A. OPALACH,** | ) | **CASE NO. 1:07CV1893** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| v. | ) | |
| | ) | |
| **STUART HUDSON, Warden,** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **Respondent.** | ) | |
| | ) | |

This matter is before the Court upon a petition for a writ of habeas corpus filed by Robert A. Opalach ("Petitioner"), pursuant to 28 U.S.C. § 2254. (Dkt. # 1).

On July 3, 2007, this case was automatically referred to Magistrate Judge George J. Limbert for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636 and LR 72.1. (Dkt. # 3). Pursuant to General Order 2008-06, the referral of this matter was transferred to Magistrate Judge Greg White on March 3, 2008.

On July 1, 2008, the Magistrate Judge issued a report and recommendation, recommending that the Court deny the instant petition because Petitioner's claims are barred by the one-year statute of limitations prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (Dkt. # 15).

Petitioner has timely filed objections to the Magistrate's Report and Recommendation. (Dkt. # 16). Specifically, Petitioner argues that the Magistrate Judge was incorrect in finding that Petitioner's claims were time-barred. Petitioner contends that his delayed appeal in state court was part of his direct appeal. Therefore, he argues,

the one-year statute of limitations for his federal habeas petition should have been restarted after the state appellate court affirmed the judgment of the trial court on delayed appeal.  The Magistrate Judge found that Petitioner's delayed appeal, which was allowed by the Ohio appellate court, should be treated as a collateral review for purposes of applying the AEDPA one-year statute of limitations.  As such, the Magistrate Judge found that the delayed appeal did not restart the statute of limitations and that Petitioner's habeas petition was, therefore, untimely.

As the Magistrate Judge noted, the Sixth Circuit has explicitly held that a motion for delayed appeal constitutes collateral review.  Searcy v. Carter, 246 F.3d 515, 519 (6th Cir. 2001) (noting that if a delayed appeal restarted the statute of limitations, the one-year limitations provision of the AEDPA would be meaningless).  Even when such a motion is granted, the delayed appeal does not restart the statute of limitations.  DiCenzi v. Rose, 452 F.3d 465, 468 (6th Cir. 2006).  Petitioner's effort to distinguish the above cases is unsuccessful.

Petitioner next asserts that he is entitled to equitable tolling based primarily on his ignorance of the law as to the effect of his delayed appeal on the AEDPA statute of limitations.  The Magistrate Judge provided a thorough analysis of the equitable tolling factors in his report and recommendation.  The Court has reviewed that analysis and finds that it is well-founded.

The Court has reviewed the report and recommendation of the Magistrate Judge *de novo*, and finds that it is well-supported.  Therefore, the Report and Recommendation of

Magistrate Judge White (Dkt. # 15) is hereby **ADOPTED**, and Petitioner's petition for a writ of habeas corpus is **DENIED**.

    **IT IS SO ORDERED**.

                                                 <u>**/s/ Peter C. Economus – September 24, 2008**</u>
                                                 **PETER C. ECONOMUS**
                                                 **UNITED STATES DISTRICT JUDGE**